IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER JUDE CLARK WHEELER, )
)
        Plaintiff, )
)
   v. ) Civil Action No. 16-231-E
)
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

O R D E R

AND NOW, this 29th day of September, 2017, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on January 26, 2017,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 7) filed in the above-captioned matter on December 28, 2016,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below, and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

I. **Background**

Plaintiff, Christopher Jude Clark Wheeler, protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-

1

1383f, effective July 14, 2014, claiming that he became disabled on June 15, 2003,[1] due to stomach cancer, pancreatitis, an enlarged spleen, depression, severe ADHD, a head injury, ruptured discs in his back, hip problems, and memory problems.[2] (R. 22, 69, 137-45, 172, 183). After being denied initially and upon reconsideration, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on January 5, 2016. (R. 22, 36-68, 101-03, 104-07, 110, 112). In a decision dated March 2, 2016, the ALJ denied Plaintiff's request for benefits. (R. 22-31). The Appeals Council declined to review the ALJ's decision on July 23, 2016. (R. 1-5). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion. Plummer v.

---

[1] As Defendant points out, the relevant period actually begins on the application date. See 20 C.F.R. § 416.202(g).
[2] Plaintiff later also asserted that he was disabled due to his chronic cirrhosis of the liver (R. 43), which has become the fulcrum of his claim.

2

Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'" Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. § 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i). If so, the disability claim will be denied. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's]

3

physical or mental ability to do basic work activities." 20 C.F.R. § 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. See 20 C.F.R. § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. § 416.923.

In addition, in cases where an ALJ finds that there is medical evidence that a claimant has a substance abuse disorder, he or she must also determine whether the substance abuse is a contributing factor material to the determination of disability. If the ALJ finds that it is, the

claimant shall be considered to be not disabled.  See 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 416.935.

### III.     The ALJ's Decision

In his March 2, 2016 decision, the ALJ applied the sequential evaluation process in reviewing Plaintiff's claim for benefits.  In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date of July 14, 2014.  (R. 25).  The ALJ also found that Plaintiff met the second requirement of the sequential evaluation process insofar as he had the following severe impairments: "alcohol abuse, liver cirrhosis, status post inguinal and ventral hernia repairs, spinal arthritis, and bilateral hip arthritis." (R. 25).

At Step Three, the ALJ concluded that Plaintiff's liver cirrhosis, ***including*** his substance abuse disorder, met Listing 5.05(B).  (R. 25-26).  As discussed above, ordinarily a finding that a claimant meets or equals a listing means that a finding of disability is automatically directed.  However, because the ALJ found that there was medical evidence that Plaintiff had a substance abuse disorder, he went on to consider whether the substance abuse was a contributing factor material to the determination of disability under Section 1382c(a)(3)(J) and Section 416.935.  (R. 24, 27).  He found that, if Plaintiff stopped his substance abuse, he would still satisfy Step Two with the same severe impairments as before other than alcohol abuse.  (R. 27).  He further found, however, that if Plaintiff ceased his substance use, he would no longer meet Listing 5.05 or any other listing.  (R. 27-28).

The ALJ went on to find that Plaintiff, absent substance abuse, retained the RFC to perform sedentary work except that he could only occasionally climb, balance, stoop, kneel, crouch, or crawl.  (R. 28-29).  After finding that Plaintiff had no past relevant work, the ALJ moved on to Step Five.  (R. 29).  At Step Five, the ALJ then used a vocational expert ("VE") to

determine whether or not a significant number of jobs existed in the national economy that Plaintiff could perform. The VE testified that, given Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as document preparer, envelope and small package addresser, and surveillance system monitor. (R. 30). Accordingly, the ALJ found that Plaintiff was not disabled because he found Plaintiff's substance use disorder to be a contributing factor material to the determination of disability. (R. 31).

## IV. <u>Legal Analysis</u>

It is very important in this case to remember what is and what is not at issue. The ALJ found that Plaintiff's liver cirrhosis, including Plaintiff's substance abuse disorder, would meet the requirements of Listing 5.05(B), 20 C.F.R., Part 404, Subpart P, App. 1. (R. 25). He then went on to find that if Plaintiff stopped abusing alcohol, his liver condition would no longer meet that listing. (R. 27-28). The issue, therefore, is not whether Plaintiff's cirrhosis itself would resolve if he ceased using alcohol or even whether alcohol could cause further decompensation of his condition. The issue is whether, absent substance abuse, Plaintiff's cirrhosis would still meet Listing 5.05(B). The Court finds the ALJ's explanation as to why he found that it would not to be inadequate and therefore finds that substantial evidence does not support his decision.

As noted above, the ALJ found that there was medical evidence that Plaintiff had a substance use disorder, specifically alcohol abuse (R. 25), and there seems to be little dispute as to this point. Pursuant to 42 U.S.C. § 1382c(a)(3)(J) and 20 C.F.R. § 416.935, where, as here, an ALJ finds that there is medical evidence that a claimant has a substance abuse disorder, the issue for consideration is whether the substance abuse is a contributing factor material to the determination of disability. The "key factor" in determining whether drug or alcohol addiction is

material to a determination of disability is whether the claimant would still be found to be disabled if he or she stopped using the substance. See id. at § 416.935(b)(1). The focus of the inquiry is on the limitations that would remain if the substance use ceased, and whether those limitations are disabling, regardless of their cause. See id. at § 416.935(b)(2). See also Ford v. Barnhart, 78 Fed. Appx. 825, 827 (3d Cir. 2003). In other words, in order to be found to be disabled, a claimant must have a disabling condition independent of his or her drug or alcohol abuse. Although an ALJ must identify at least some medical evidence supporting the conclusion that a claimant would no longer be disabled absent the substance use, see Sklenar v. Barnhart, 195 F. Supp. 2d 696, 700 (W.D. Pa. 2002), such a conclusion need not necessarily be based on expert medical opinion evidence. See McGill v. Commissioner of Soc. Sec., 288 Fed Appx. 50, 53 (3d Cir. 2008).

The ALJ in this case properly first considered whether Plaintiff would be disabled even with his alcohol abuse. As discussed, he found that Plaintiff's liver cirrhosis would meet Listing 5.05(B) under such circumstances, and that, accordingly, Plaintiff would be disabled. He then found that if Plaintiff stopped his alcohol abuse, he would no longer meet that listing, and went on, therefore, to Steps Four and Five of the sequential process. Ultimately, he found that Plaintiff would no longer be disabled if he stopped drinking. However, the ALJ's discussion on these points fails to address the very specific issues involved in a finding that a liver condition meets Listing 5.05(B).

To meet Listing 5.05, a claimant must demonstrate chronic liver disease with at least one of seven additional clinical findings. Here, the ALJ found that Plaintiff had liver cirrhosis, and that subsection (B) applied, were Plaintiff to continue to abuse alcohol. This subsection provides that the claimant, in addition to the chronic liver disease, must demonstrate:

> Ascites or hydrothorax not attributable to other causes, despite continuing treatment as prescribed, present on at least two evaluations at least 60 days apart within a consecutive 6-month period. Each evaluation must be documented by:
>
> 1. Paracentesis or thoracentesis; or
>
> 2. Appropriate medically acceptable imaging or physical examination and one of the following:
>
> a. Serum albumin of 3.0 g/dL or less; or
>
> b. International Normalized Ratio (INR) of at least 1.5.

See Listing 5.05(B). The ALJ found that the record demonstrated that Plaintiff's history of ascites[3] met these criteria, referencing findings of the presence of ascites in April and May of 2014, and again in March through May of 2015 and November of 2015. (R. 25-26). Specifically, he noted that, on May 22, 2014, Ragat Singh, M.D., found tense ascites and moderate pain. (R. 25, 419). The ALJ further indicated that on March 7, 2015, imaging showed the presence of abdominal ascites and that Plaintiff's albumin level was 3.0 g/dL and his INR was 1.4. (R. 25, 442, 444). The presence of ascites was also noted during a follow-up examination on March 24, 2015. (R. 25, 453). On April 20, 2015, as discussed by the ALJ, Plaintiff was found to have ascetic fluid and an INR of 1.4. (R. 26, 614). On May 4, 2015, ascites were noted, and Plaintiff had an albumin level of 2.3 g/dL. (R. 26, 1091-92). Finally, the ALJ discussed that Plaintiff's INR was 1.3 on November 13, 2015. (R. 26, 955). Based on these clinical findings, the ALJ found that Plaintiff's liver condition met the listing while he continued drinking.

The issue, then, is whether Plaintiff would still meet Listing 5.05(B) were he to stop abusing alcohol. This would require a finding that, if Plaintiff ceased his behavior, he would no

---

[3] Ascites is the excess accumulation of fluid in the abdominal or peritoneal cavity.

longer have ascites sufficient to meet the criteria set forth in the listing. The ALJ found that Plaintiff's "treatment providers have attributed his liver disease decompensation to his alcohol use," and that "absent alcohol abuse, he would not experience chronic liver disease decompensation with recurring ascites, as described in 5.05B." (R. 28). While there is some truth to the first of these statements, it is not clear that the second statement follows from the first. The ALJ accurately pointed to the places in the record where Plaintiff's doctors stated that Plaintiff's alcohol use contributed to his cirrhosis and to the decompensation of his condition, but none of the evidence to which he cited directly supports a finding that Plaintiff would no longer experience ascites at the required levels if he ceased using/abusing alcohol. (R. 377, 411, 442, 444, 446, 923). Although it is clear that his treating physicians believed that Plaintiff's cirrhosis and his alcohol use are related, and that they strongly encouraged him to stop using alcohol, none offered any specific opinion or diagnosis as to how ending his use of alcohol would specifically affect the decompensation of his condition. The ALJ's conclusion that Plaintiff's ascites would cease along with his alcohol use simply goes a step beyond the medical findings.[4]

It is not surprising to find the issues of cirrhosis of the liver and alcoholism to be intertwined in a disability case. Indeed, the Social Security Administration itself discusses the

---

[4]     Plaintiff attaches medical records dated May 4, 2016, to his brief emphasizing the irreversibility of Plaintiff's condition and asks the Court to consider these records. While apparently reviewed by the Appeals Council, these records, which post-date the ALJ's decision by two months, were obviously not part of the record reviewed and considered by the ALJ. As such, this Court cannot consider this evidence in its determination of whether or not the ALJ's decision was supported by substantial evidence. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Since the Court is remanding this matter anyway under the fourth sentence of 42 U.S.C. § 405(g), it need not decide whether a "new evidence" remand would be warranted under sentence six of Section 405(g). Because these records are from significantly outside of the relevant time frame of this case, and because Plaintiff has already been awarded benefits for the time after the ALJ's decision here, the determination as to the materiality of this new evidence should be based on its relevance, if any, to the period from July 14, 2015 through March 2, 2016. The Court will leave this determination to the ALJ on remand.

9

relationship between drug or alcohol addiction and cirrhosis in Social Security Ruling 13-2p, 2013 WL 621536 (S.S.A.) (Feb. 20, 2013). In discussing the materiality element, the Administration states that if drug or alcohol addiction is not causing or does not affect the claimant's other impairments to the point where the other impairments could be found to be non-disabling in the absence of the addiction, the addiction is not material and the claim should be allowed. See id. at *7. One of the specific examples given is the case where a claimant's drug or alcohol problem caused the claimant's cirrhosis, but where the cirrhosis is irreversible and could not improve to the point of non-disability if the claimant stopped drinking. See id. This reiterates that the issue is not whether Plaintiff's alcohol addiction caused his liver condition, but whether his cessation of alcohol use would result in his condition no longer meeting Listing 5.05. Cf. Phillips v. Colvin, No. C13-2108, 2014 WL 4352081, at *4 (W.D. Wash. Sept. 2, 2014).

There is little question that Plaintiff's continued use of alcohol has not helped his cirrhosis. It seems to be equally clear that his cirrhosis will not go away if he stops drinking. But the issue that specifically needs to be discussed and decided is whether the frequency or intensity of Plaintiff's ascites would change if he stopped drinking. Often, the most useful evidence in cases involving substance use disorder is evidence relating to periods when the individual was not using drugs/alcohol. See Mirabile v. Comm'r of Soc. Sec., 354 Fed. Appx. 619, 622 (3d Cir. 2009); SSR 13-2p at *8. There is no discussion here as to whether Plaintiff's ascites increased, decreased, or remained unchanged based on the frequency and/or quantity of his drinking. Likewise, there is no discussion of any expert medical opinion evidence as to the effect of Plaintiff's alcohol use on his ascites. Although, as discussed above, such expert opinion evidence is not required, it certainly is highly relevant evidence. See SSR 13-2p at *8.

The issue here is a specific and technical one that simply requires a more focused

analysis before the Court is able to determine whether substantial evidence supports the ALJ's finding at Step Three that, setting aside Plaintiff's alcohol abuse, he would not meet Listing 5.05. On remand, the ALJ should reconsider the issue with more specificity. The Court expresses no opinion as to whether the ALJ's Step Three finding could be supported by the record; it is the need for additional explanation by the ALJ that necessitates a remand in this case. As such, the record does not permit the Court to reverse and remand the case for an award of benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984).[5]

**V.     Conclusion**

In short, the record does not permit the Court to determine whether the findings of the ALJ regarding the impact of Plaintiff's substance abuse disorder on his disability are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.[6]

s/Alan N. Bloch
United States District Judge

ecf:         Counsel of record

---

[5]   The Court notes that Listing 5.05(B) requires that the ascites not be attributable to other causes and that they exist "despite continuing treatment as prescribed." To say that Plaintiff would not experience ascites were he to stop drinking is not necessarily the same thing as saying that Plaintiff's drinking rendered his treatment inadequate under the listing. If the issue becomes relevant, the ALJ should discuss more directly the nature of Plaintiff's treatment for his ascites.

[6]   Plaintiff raises several other issues that would only become relevant were the ALJ, on remand, to again find that Plaintiff does not meet Listing 5.05 absent his alcohol abuse. In the event that the issues become relevant, the ALJ should consider Plaintiff's arguments in conducting any additional Step Three, or any Step Four or Five, analysis that may be warranted.

11